Abraham J. HIRSCHFELD and William M. Van Luvender, Plaintiffs,

v.

The BOARD OF ELECTIONS IN THE CITY OF NEW YORK and Kathleen M. Wagner, Jeannette Gadson, Vincent J. Cuttita, Maria Echaveste, Ferdinand C. Marchi, Alice Sachs, Anthony Sadowski, George M. Spanakos, Gertrude Strohm, Vincent J. Velella, as Commissioners of the Board of Elections in the City of New York, as Members of, and Constituting the Said Board of Elections, Defendants.

No. 92 Civ. 6604 (WK).

United States District Court,
S.D. New York.

Sept. 21, 1992.

Herbert Rubin, Herzfeld & Rubin, New York City, for plaintiffs.

R. Townsend Davis, Jr., Corp. Counsel, New York City, for defendants.

## OPINION AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiff Abraham J. Hirschfeld claims that the Board of Elections, by invalidating his nominating petitions as an independent candidate for the 14th Congressional District and refusing to put his name on the ballot as a candidate in the general election, has violated his civil rights under 42 U.S.C. 1983 and his rights to due process and equal protection of law under the First and Fourteenth Amendments to the United States Constitution. Plaintiff William M. Van Luvender, who signed plaintiff Hirschfeld's nominating petition, similarly claims that defendant's invalidation of the nominating petitions constitutes a violation of his civil rights under 42 U.S.C.1983 and of his rights under the First and Fourteenth Amendments of the United States Constitution. Plaintiffs move for an order requiring defendant, the Board of Elections of the City of New York, to accept the filing of plaintiff Hirschfeld's certificate of acceptance *nunc pro tunc* as of August 31, 1992. Defendant moves to dismiss plaintiffs' action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief may be granted. We conducted hearings on September 16, and both sides agree that the record is complete for entry of a judgment either dismissing the complaint or granting the relief requested. We find the following facts to have been established.

On August 27, 1992 at approximately 11:40 p.m. plaintiff Hirschfeld appeared at the Board of Elections office at 32 Broadway to file four volumes of independent nominating petitions for his candidacy for U.S. Representative from the 14th Congressional District in the upcoming election.

The last time he had been at that office was to file similar petitions to qualify him to run in the primaries, and he was recognized by the clerk who had accepted those previous petitions. This clerk greeted him as "Mr. Hirschfeld." Having been so identified, plaintiff handed his present petitions to the clerk who accepted them. He then asked the clerk whether there were any further formalities expected of him, and was told that there were none. There were no facts known to plaintiff Hirschfeld which could have lead him to suspect that the information which he had received was inaccurate.

Five days later, on September 1, he received a letter from the Board of Elections which had been mailed on August 28. This letter advised him, in effect, that his petitions were invalid because he had not filed a "certificate of acceptance" on August 31. The following day, on September 2, plaintiff filed such a certificate.

The Board offered into evidence a copy of the Independent Nominating Rules, which was claimed to be "available" to the public. However, the witness offered to prove such "availability" readily conceded that although copies of these rules were indeed present in the room where the petitions were filed, unless one specifically asked to see them, there was no real possibility that their contents would come to one's attention. Based upon this evidence—as well as upon ordinary common sense—we find as a fact that these rules were not "available" to plaintiff Hirschfeld.

On the foregoing facts, it seems unnecessary to examine the various statutory provisions claimed here to be relevant. It is, on the one hand, clear that the state may validly require a candidate to file a certificate of acceptance if given an appropriate opportunity to do so. On the other hand, if it is the Board's contention that on the facts above outlined the statutes of the state of New York give it the right to reject plaintiff's certificate of acceptance, it is equally clear that the statutes as so applied are unconstitutional. *See, e.g. Eu v. San Francisco County Democratic County Committee*, 489 U.S. 214, 109 S.Ct. 1013, 103 L.Ed.2d 271 (1989) (laws which burden rights of access to the ballot must survive strict scrutiny); *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) (state must advance compelling, precise interest to justify denial of access to the ballot); *Illinois Board of Elections v. Socialist Workers Party*, 440 U.S. 173, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979) (the right to associate for the advancement of political beliefs and of qualified voters to cast votes are fundamental); *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968) (laws which disproportionately burden independent candidates violate the equal protection clause of the 14th Amendment); *Williams v. Sclafani*, 444 F.Supp. 906 (S.D.N.Y.), *aff'd sub nom. Williams v. Velez*, 580 F.2d 1046 (2d Cir. 1978) (misinformation provided by the Board of Elections is not valid ground for denying access to the ballot).

While our foregoing ruling assumes that upon filing his petitions, plaintiff was specifically advised that no further formalities were required of him, no such assumption is necessary for its validity. Even if we were to assume that plaintiff had carelessly neglected to inquire as to the necessity of further formalities, there could have been no conceivable state policy which would have justified rejecting the certificate of acceptance which he filed at the earliest possible moment after learning that it was required.

Accordingly, we grant plaintiff's motion and order the Board of Elections to accept the filing of Mr. Hirschfeld's certificate of acceptance *nunc pro tunc* as of August 31, 1992. Defendant's motion to dismiss is denied.

Let the plaintiff submit an appropriate judgment on five days notice.

SO ORDERED.