Abraham HIRSCHFELD,
et ano., Plaintiffs,

v.

George SPANAKOS, et al., individually
and in their capacity as members of the
Board of Elections of the City of New
York, et. ano., Defendants.

No. 94 Civ. 1588 (LAK).

United States District Court,
S.D. New York.

Dec. 20, 1994.

Alan D. Scheinkman, Scheinkman, Fredman & Kosan, White Plains, NY, for plaintiffs.

Paul Marks, Asst. Corp. Counsel and Paul A. Crotty, Corp. Counsel of the City of New York, New York City, for defendants.

### OPINION

KAPLAN, District Judge.

This Section 1983 action has its genesis in plaintiff Abe Hirschfeld's unsuccessful 1992 campaign for election to the U.S. House of Representatives. Mr. Hirschfeld at that time prevailed in a Section 1983 suit against the Board of Elections and thus required that his name be placed on the ballot. He now sues again, seeking to recover damages for the Board's 1992 actions as well as attorneys' fees for the prior litigation. The matter is before this Court on defendants' motion to dismiss the complaint.

### Facts

The facts pertinent to this dispute are largely set out in Judge Knapp's opinion granting Mr. Hirschfeld judgment in the prior action and in the opinion of the Court of Appeals affirming that judgment and imposing sanctions on the Board for a frivolous motion in the Court of Appeals. *Hirschfeld v. Board of Elections in the City of New York*, 799 F.Supp. 394 (S.D.N.Y.1992), *aff'd*, 984 F.2d 35 (2d Cir.1993) ("*Hirschfeld I*").

We summarize only those facts essential to determination of this motion.

In August 1992, Mr. Hirschfeld filed independent nominating petitions for his candidacy for the House from the Fourteenth Congressional District for the November 1992 general election. Before leaving the Board's office, he was told that no further formalities were expected of him. On August 28, however, the Board of Elections, pursuant to N.Y.Elec.L. § 6–144 (McKinney 1978), mailed him a notice informing him that the last day to accept or decline the nomination was August 31. Mr. Hirschfeld received the notice on September 1. The Board invalidated his petitions for failure to file the necessary certificate of acceptance by August 31.

Mr. Hirschfeld thereupon brought suit in this Court under 42 U.S.C. § 1983 against the Board of Elections of the City of New York and its members solely in their official capacities. In an amended complaint, Mr. William Van Luvender, a prospective voter, was added as a plaintiff. Plaintiffs asserted that the Board's action had violated their rights under the First and Fourteenth Amendments. On September 21, Judge Knapp granted their motion to compel the Board to accept the filing of Mr. Hirschfeld's certificate of acceptance *nunc pro tunc* as of August 31, holding that the Election Law as applied in this instance unconstitutionally burdened Mr. Hirschfeld's access to the ballot. Upon agreement of all parties, final judgment was entered on September 30, 1992.

The campaign went forward in the ensuing weeks, and the Board allegedly led Mr. Hirschfeld to believe that his name would appear on the ballot. However, on October 28, six days before the general election, the Board filed a notice of appeal and moved in the Second Circuit to stay the order pending appeal. The Court of Appeals denied the motion two days later by summary order.

Mr. Hirschfeld's name appeared on the general election ballot. He received 2,970 votes out of the total of 227,013 cast, or about one percent of the vote.

On January 21, 1993, the Second Circuit issued an opinion on the motion for a stay

previously denied by summary order. It concluded that the Board's eleventh-hour motion for a stay, in all the circumstances, constituted bad faith conduct, and it imposed double costs and $500 in attorneys' fees on the Board.

## The Complaint

Despite the fact that Mr. Hirschfeld was the prevailing party in *Hirschfeld I*, no application for attorneys' fees was made in that action. Instead, he filed this new action sixteen months after the election and nearly fourteen months after the Second Circuit issued its opinion imposing sanctions on the Board.

The parties named in this complaint overlap, but are not entirely the same as, the parties to the prior action. The plaintiffs here are Mr. Hirschfeld and the Hirschfeld for Congress Citizens Committee. The defendants are the Board of Elections of the City of New York, its current members (who are sued in both their official and individual capacities) and the City of New York. Four of the individual defendants—Seymore [*sic*] Sheldon, Weyman A. Carey, Douglas A. Kellman [*sic*], and Paul Meijas—were not named in *Hirschfeld I;* they appear to have been appointed to the Board of Elections after the events that gave rise to that action.[1]

The complaint contains eight causes of action. The first and second causes of action contend that the Board's 1992 actions violated defendants' rights under the First and Fourteenth Amendments and the Privileges and Immunities Clause. The third cause of action is for abuse of process. The fourth cause of action seeks to recover Mr. Hirschfeld's attorneys' fees in the prior litigation, as well as unspecified campaign expenses, as compensatory damages on his Section 1983 claim. The fifth cause of action seeks a declaration that the defendants are estopped to relitigate the constitutional issues actually and necessarily decided against them in the prior litigation. The sixth and seventh causes of action both seek recovery of counsel fees from the prior action, the sixth pursuant to 42 U.S.C. § 1988 and the seventh on unspecified and apparently duplicative

grounds. The eighth cause of action seeks attorney fees for this action should plaintiffs prevail. Plaintiffs, it should be noted, allege that the defendants are precluded from relitigating the matters decided in *Hirschfeld I.* (Cpt ¶¶ 53–57)

## The Motion to Dismiss

Defendants initially moved to dismiss on three grounds. First, they contended that the Second Circuit's award of double costs and $500 in attorneys' fees collaterally estops plaintiffs from obtaining any other recovery with respect to the Board's 1992 actions. Second, they argued that the claim with respect to the Board's filing of motions in the Second Circuit is essentially for abuse of process and that Section 1983 liability may not be predicated on abuse of process. Third, they maintained that Mr. Hirschfeld cannot demonstrate that he lost the election as a result of the Board's actions.

The sixth through eighth cause of action, which seek recovery pursuant to 42 U.S.C. § 1988, were dismissed at the hearing on this motion on the ground that a Section 1988 application lies only in the action for which recovery is sought. Upon further examination of the complaint, it is apparent that the eighth cause of action seeks recovery of attorney's fees for this case rather than *Hirschfeld I,* contrary to plaintiffs' counsel's assertion at the hearing. Of course, the dismissal of count eight as an independent cause of action in no way prejudices plaintiffs' right to seek attorneys' fees in this case should they prevail pursuant to Section 1988.

In addition, the Court questioned whether any of the current claims is barred by res judicata, or claim preclusion, by virtue of the prior action. Both parties were given the opportunity to brief the question.

## Preclusion

Defendants argue that issue and claim preclusion require dismissal. We deal with each in turn.

The collateral estoppel argument is entirely without merit. The Courts of Appeals that have ruled on the point are unani-

---

**1.** *Compare* The Green Book 1991–92, The Official Directory of the City of New York 89, *with* The

1993–94 Green Book, the Official Directory of the City of New York 119.

mous in holding that a ruling on an application for sanctions, whether or not sanctions are imposed, does not preclude the maintenance of a tort action for recovery of full damages.[2] The reason is straightforward: the consideration of sanctions involves the question whether the attorney and/or the client have abused the judicial process. It does not involve or, at least, does not necessarily involve the rather different issue of whether any such abuse injured private rights and the extent of such injury. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990). The Second Circuit's imposition of double costs and $500 in attorneys' fees—which in any case addressed only the Board's frivolous motion for a stay pending appeal—thus did not necessarily determine the questions tendered here as to whether the Board's actions throughout caused compensable injury to plaintiffs and, if so, in what amount, even assuming *arguendo* that the prior litigation conclusively resolved all issues pertinent to liability as to which we express no opinion. In consequence, the motion to dismiss on the basis of collateral estoppel is denied. Indeed, defendants acknowledged its lack of merit at the argument.

■ The res judicata, or claim preclusion, argument has substantially more bite. Under established principles, a final judgment on the merits in an action involving the same parties or their privies precludes all claims based on the same causes of action that were or could have been litigated in the action in which final judgment was entered. *E.g., NLRB v. United Technologies Corp.*, 706 F.2d 1254 (2d Cir.1983), Restatement (Second) Judgments §§ 17–19 (1982).

■ Plaintiffs argue that the judgment in *Hirschfeld* I does not require dismissal only on the theory that the issues presented here could not have been raised in that action,[3] which sought only injunctive relief with respect to Mr. Hirschfeld's presence on the ballot. The time pressure Mr. Hirschfeld was under at that time, they assert, made it impossible to (1) ascertain what damages had accrued, if any, and (2) to prepare for and hold a trial before the election. Neither of these contentions is persuasive.

---

**2.** *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1196 (3d Cir.1993); *Cohen v. Lupo*, 927 F.2d 363 (8th Cir.), *cert. denied*, 502 U.S. 861, 112 S.Ct. 180, 116 L.Ed.2d 142 (1991); *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162 (9th Cir.1991).

**3.** Plaintiffs have raised no objection based on the minor differences in the identity of the parties or on the fact that the individual defendants in *Hirschfeld I* were sued only in their official capacities, whereas the individual defendants here are sued in both their official and individual capacities. Plaintiffs' tactical judgment is understandable in view of the fact that they seek the benefit of collateral estoppel against all of the defendants in this action. (Cpt ¶¶ 53–57) Moreover, it appears that the City of New York and the four new members of the Board, insofar as they are sued in their official capacities, are in privity with the *Hirschfeld I* defendants and thus are entitled to take advantage of the prior judgment. *See e.g., Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir.) *cert. denied*, 488 U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 118 (1988). Further, we would be inclined to hold, on the facts of this case, that the individual defendants who were parties to *Hirschfeld I* are entitled to assert, in their individual capacities, the *Hirschfeld I* judgment defensively against plaintiffs. While a party who litigates in one capacity ordinarily is not affected by the judgment in subsequent litigation in which the party litigates in another capacity (*see, e.g.,* Restatement (Second) Judgments § 36 (1982)), that principle has no proper application here. Its rationale is that a party who occupies both individual and representative capacities may have conflicting interests with respect to the conduct of litigation. Restatement (Second) Judgments § 36, *comment a*. In consequence, principles of former adjudication ought not aggravate the problem by effectively compelling one sued or who sues, for example, in a representative capacity to consider also his or her personal interests. But these considerations are absent here. Mr. Hirschfeld labored under no conflicting interests in *Hirschfeld I*, so there is no legitimate reason for his having failed to assert against the members of the Board of Elections all claims that he had against them with respect to his effort to gain a place on the ballot. The only objection to application of claim preclusion therefore would be an absence of mutuality borne of the possibility that the *Hirschfeld I* judgment might not bind the defendants in their individual capacities. *E.g., Roy v. City of Augusta, Maine*, 712 F.2d 1517, 1521–22 (1st Cir.1983). But adherence to the rule of mutuality in these circumstances would be questionable. *See, e.g., Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

The claim that damages were not apparent before the judgment was entered is without merit. Mr. Hirschfeld certainly knew by September 30 that he had incurred legal fees; he had been litigating for some weeks by that point. Hence, while some damages may have been sustained as a result of post-judgment events, the fact that defendants' actions gave rise to a claim for monetary recovery was apparent at the time Mr. Hirschfeld consented to the entry of a final judgment affording him only equitable relief.

Plaintiffs' argument that a trial on damages could not have been held prior to the election is equally misguided. Mr. Hirschfeld's initial action was filed along with a motion for a preliminary injunction, which was granted. Nothing prevented him from continuing at a more measured pace with an action for damages after he had obtained the preliminary injunction except his agreement to the entry of a final judgment. In consequence, plaintiffs' claim, insofar as it seeks recovery with respect to events that took place prior to the entry of judgment on September 30, 1992, is barred. Moreover, the judgment in *Hirschfeld I* has one further consequence.

■ In Count 4 of the current complaint, plaintiffs allege that they are entitled to recover attorneys' fees expended in the prior action. Legal fees and expenses proximately caused by tortious conduct of course may be a compensable element of damages.[4] Plaintiffs, however, could have sought recovery of all of the fees incurred in *Hirschfeld I*, including those incurred after the entry of judgment, pursuant to Section 1988 and S.D.N.Y.Civil Rule 11(a).[5] That was not done. Accordingly, the judgment in the prior action precludes not only the claims for actions taken by defendants prior to the entry of judgment on September 30, 1992, but also the entire claim for legal fees and expenses incurred in *Hirschfeld I*.

## Abuse of Process

■ Defendants move also to dismiss the complaint insofar as it alleges that the Board's appeal from Judge Knapp's order was an unconstitutional abuse of process. Under *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.1992), malicious abuse of civil process alone does not give rise to a Section 1983 cause of action. *See also Freeman v. Rideout,* 808 F.2d 949 (2d Cir.1986). Plaintiffs, however, allege more than malicious abuse of process. They allege that the filing of defendants' appeal and motion for a stay pending appeal, as well as their timing, was specifically calculated to undercut the exercise of Mr. Hirschfeld's First Amendment right to conduct his campaign. They assert also that the appeal and the motion were frivolous. In consequence, they say, defendants' actions infringed their rights under the First and Fourteenth Amendments. (Cpt ¶¶ 37–38)

This claim presents interesting issues. Defendants no doubt had a constitutionally protected right to seek appellate review of Judge Knapp's ruling in *Hirschfeld I*. Plaintiffs in effect argue, however, that the appeal and the motion in the Second Circuit actions abused whatever rights defendants had.

An analogous issue arises with some frequency in cases in which a plaintiff claims that a defendant's action in pursuing litigation or other governmental redress is anticompetitive in purpose or effect and therefore violates the antitrust laws. *See generally* II ABA Antitrust Section, Antitrust Law Developments 989–1012 (3d ed.1992); II ABA Antitrust Section, Annual Review of 1993 Antitrust Law Developments 229–233 (1994). In its most recent decision dealing

---

4. *See, e.g., Aero Garage Corp. v. Hirschfeld,* 185 A.D.2d 775, 586 N.Y.S.2d 611 (1st Dept.1992), *leave to appeal denied* 81 N.Y.2d 701, 594 N.Y.S.2d 715, 610 N.E.2d 388; *Mercantile National Bank at Dallas v. Bradford Trust Co.,* 850 F.2d 215 (5th Cir.1988).

5. 42 U.S.C. § 1988 provides in relevant part: "In any action or proceeding to enforce a provision of sections ... 1983 ... of this title

..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as *part of the costs.*" (Emphasis added)

Under S.D.N.Y. Civil Rule 11(a), plaintiffs could have sought fees under Section 1988, including fees for the appeal, until the expiration of thirty days after the disposition of the appeal.

with the issue, the Supreme Court held that "[t]hose who petition the government for redress are generally immune from antitrust liability" under the so-called *Noerr* doctrine. *Professional Real Estate Investors, Inc. v. Columbia Pictures, Inc.,* — U.S. —, —, 113 S.Ct. 1920, 1926, 123 L.Ed.2d 611 (1993). Nevertheless, the immunity is lost where the recourse to governmental authority, including the courts, is a "sham." *Id.* Recourse to the courts is regarded as a sham, and therefore subject to antitrust regulation free of constitutional restraint, where the lawsuit is (1) "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and, if so, (2) subjectively intended "'to interfere *directly* with the business relationships of a competitor.'" *Id.* at —, 113 S.Ct. at 1928, *quoting Eastern R. Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 144, 81 S.Ct. 523, 533, 5 L.Ed.2d 464 (1961) (emphasis in original).

The Court believes that the sham exception to the *Noerr* rule of antitrust immunity is applicable here by analogy, as the same First Amendment interests animate the treatment both of the actions of the Board of Elections in invoking the appellate process and of businesses accused of abusing governmental process for anticompetitive reasons. Here plaintiffs have alleged that the Board abused the judicial processes and that its actions following the entry of judgment in *Hirschfeld I* were taken for improper reasons. Given both these allegations and the Court of Appeals' prior ruling, we conclude that the complaint states a claim upon which relief may be granted with respect to the post-judgment actions of the Board.

**Causation**

 Defendants next argue that the action should be dismissed because plaintiffs cannot establish that Mr. Hirschfeld lost the election by virtue of the defendants' allegedly unconstitutional actions. Assuming that the defendants are right as to Mr. Hirschfeld's political attractiveness, they still would not be entitled to dismissal on this basis. Mr. Hirschfeld here seeks damages not only for loss of the election, but for attorneys' fees

and unspecified campaign expenses. While the attorneys' fee claim is barred by claim preclusion, the fact that Mr. Hirschfeld would have lost the election in any case, assuming that were so, would be no obstacle to recovery of other damages if plaintiffs can establish any. Since a complaint may not be dismissed unless the plaintiff can prove no facts under which the plaintiff would be entitled to any relief,[6] the defendants' assumption as to his political prospects, even if correct, would not warrant dismissal. Furthermore, *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252, forecloses dismissal because it permits recovery of nominal damages in Section 1983 actions based solely on a showing of liability, even without any proof of actual damages proximately caused by the constitutional violation. Thus, for purposes of this motion to dismiss, any lack of causation is irrelevant to the continued validity of the claim.

**New Board Members**

As noted defendants Meijas, Kellman [*sic*], Carey and Sheldon evidently were not members of the Board of Elections when the events in question took place. Plaintiffs should consider whether the action should be discontinued as to these in any event. Fed. R.Civ.P. 11. If they did not participate in the actions complained of, they should not be subject to this lawsuit.

### Conclusion

For the foregoing reasons, the motion to dismiss is granted and the complaint dismissed with respect to (a) all claims arising from the Board of Elections' actions prior to the entry of judgment on September 30, 1992 and (b) all claims for attorneys' fees incurred in connection with *Hirschfeld I.* The motion is denied in all other respects.

SO ORDERED.

---

6. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).