**Abraham HIRSCHFELD,
et ano., Plaintiffs,**

v.

**George SPANAKOS, et al., Defendants.**

No. 94 Civ. 1588 (LAK).

United States District Court,
S.D. New York.

Dec. 15, 1995.

Frank M. Graziadei, New York City, for Plaintiffs.

Paul Marks, Assistant Corporation Counsel, Paul A. Crotty, Corporation Counsel, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

In 1992, plaintiff Abe Hirschfeld, a familiar if perennially unsuccessful figure on the New York political scene, ran for Congress against both Democratic and Republican opponents. He secured a place on the ballot in consequence of an injunction issued by this Court against the Board of Elections. The Board of Elections appealed at the eleventh hour, and its motion for a stay pending appeal was denied by the Court of Appeals, which imposed sanctions on the defendants because they had proceeded in disregard of FED. R.APP.P. 8(a) and because the Court of Appeals viewed the application as baseless and a bad faith effort to keep Hirschfeld off the ballot. *Hirschfeld v. Board of Elections in the City of New York,* 799 F.Supp. 394 (S.D.N.Y.1992) (Knapp, J.), *stay denied,* 984 F.2d 35 (2d Cir.1993) (*"Hirschfeld I"*). Nearly two years later, Hirschfeld and his campaign committee brought this action against individual members of the Board of Elections and the City of New York. The Court already has dismissed much of the complaint in a decision familiarity with which is assumed. *Hirschfeld v. Spanakos,* 871 F.Supp. 190 (S.D.N.Y.1994) (*"Hirschfeld II"*). The matter now is before the Court on the defendants' motion for summary judgment dismissing plaintiffs' remaining claim, that the Board of Elections' motion for a stay of Judge Knapp's injunction was an unconstitutional abuse of process that gives rise to a claim for damages under 42 U.S.C. § 1983 and State law.

At the outset, the Court notes that the papers submitted in support of and in opposition to this motion are ships passing in the night, and each utterly ignores the key issue with which it must deal. The defendants seek dismissal on the basis that (1) the appeal from Judge Knapp's order raised appropriate questions and (2) the individual defendants in any case are protected by qualified immunity. They do not even mention the motion for the stay of the injunction, which is the specific action that the Court of Appeals found objectionable and that is the primary focus of this case. The plaintiffs, for their part, do not even mention the defendants' qualified immunity argument. They simply argue that the Court of Appeals' decision imposing sanctions conclusively establishes, according to principles of former adjudication, the wrongfulness of the defendants' actions. The Court proceeds to the motion.

### The New Board Members

 By way of clearing the underbrush, the defendants move to dismiss as to defendants Meijas, Kellner (sued herein as Kellman), Carey and Sheldon on the ground that they were not members of the Board of Elections at the time complained of and therefore cannot be liable in any event. Plaintiffs do not even respond to defendants' motion on this point. In consequence, defendants Meijas, Kellner, Carey and Sheldon are entitled to summary judgment dismissing the complaint insofar as they are sued in their individual capacities.

### The Merits

This Court previously ruled that the complaint, insofar as it addressed the events after September 30, 1992—the appeal and the motion for a stay—stated a claim upon which relief might be granted because it alleged in substance that the Board's actions were objectively baseless and taken for the improper purpose of interfering with Hirschfeld's campaign. 871 F.Supp. at 195. The defendants now assert that they are entitled to summary judgment because the appeal was not objectively baseless. As noted, they

do not address plaintiffs' argument that the stay motion independently violated their rights.

As *Hirschfeld I* relates, the dispute between Hirschfeld and the Board was sparked by the latter's invalidation of Hirschfeld's nominating petitions because Hirschfeld did not file a certificate of acceptance within the time provided by State law. Judge Knapp subsequently held that the Board's action violated the First Amendment.

██ The test of whether the Board's appeal, as distinguished from the stay motion, was objectively baseless is whether "no reasonable litigant could realistically expect success on the merits . . ." *Hirschfeld II*, 871 F.Supp. at 195 (quoting *Eastern R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 144, 81 S.Ct. 523, 533, 5 L.Ed.2d 464 (1961)). Here, it cannot be said that the appeal itself was objectively baseless. The pertinent State statute clearly voided Hirschfeld's nomination absent timely filing of a certificate of acceptance. N.Y.ELECTION L. § 6–146 (McKinney 1978 & Supp.1995). The Second Circuit previously had upheld a strict application of this provision. *Unity Party v. Wallace*, 707 F.2d 59 (2d Cir.1983). In view of *Unity Party*, it is impossible to say that the appeal in *Hirschfeld I* was objectively baseless. In conse-

quence, defendants are entitled to summary judgment dismissing so much of plaintiffs' remaining claim as rests on the appeal itself.[1]

This of course does not dispose of the matter because the principal focus of plaintiffs' remaining claim is the stay motion. As defendants have not even addressed that aspect of the case, and as the Court of Appeals' opinion in *Hirschfeld I* amply indicates why a trier of fact could find that the stay motion was objectively baseless, that aspect of the motion cannot be granted on the merits.

*Qualified Immunity*

██ The remaining individual defendants contend that they are entitled to .summary judgment on the ground of qualified immunity insofar as they are sued in their individual capacities. In view of *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), and related cases, they are entitled to dismissal if it was objectively reasonable for them to believe that their alleged action in authorizing the stay motion did not violate Hirschfeld's clearly established rights.

██ The record in this case, as indicated, permits the inference that defendants acted for the purpose of interfering with Hirschfeld's campaign.[2] Hence, defendants'

---

1. Plaintiffs argue that the Court of Appeals decision collaterally estops the defendants from disputing the alleged baselessness and improper purpose of their actions. Whatever else it may have done, however, the Court of Appeals decision did not address the merits of the appeal, as distinguished from the stay motion. As issue preclusion applies only if the issue previously determined is the same as that as to which preclusion is sought, the decision on the stay motion manifestly could not dispose of the issue dependent upon the appeal alone even if the other prerequisites of issue preclusion were satisfied.

2. Plaintiffs argue that defendants are collaterally estopped to deny that this was their motive. While the Court need not resolve this issue in order to dispose of this motion, it seems exceedingly unlikely that plaintiffs are correct for at least two and probably three reasons.

First, issue preclusion requires an identity of parties in both cases involved in the analysis. While the individual defendants here all were defendants in *Hirschfeld I*, they were sued there only in their official capacities while they

are sued here in both their official and individual capacities. The question of immunity, of course, relates only to the claims against them in their individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). The determination of the Court of Appeals in *Hirschfeld I*, even if otherwise conclusive, would not bind these defendants in their individual capacities. *E.g.*, *Hirschfeld II*, 871 F.Supp. at 193 n. 3; RESTATEMENT (SECOND) JUDGMENTS § 36 (1982).

Second, a finding in a prior litigation is conclusive only if it was necessary to the judgment. *E.g.*, *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir.1986), *cert. denied*, 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987). The decision of the Court of Appeals in *Hirschfeld I* rested on three bases: the Board's disregard of Rule 8, the conclusion that the timing of the stay motion indicated bad faith, and the fact that the Board's delay in bringing the stay motion undercut its claim of irreparable injury. *Hirschfeld I*, 984 F.2d at 40. If the Court of Appeals had indicated that these three factors each constituted an independent and alternative ground of decision, each would be re-

immunity argument requires resolution of two questions: whether the record permits the conclusion that the stay motion was objectively baseless and, if so, whether it was clearly established in 1992 that the filing of an objectively baseless application for relief in a court for the purpose of interfering with a political campaign violated constitutional or statutory rights.

■■■ The first question is readily resolved. It was perfectly clear in 1992 that at least two of the factors relied upon by the Court of Appeals were sufficient to warrant denial of the stay motion.

Rule 8(a) of the Federal Rules of Appellate Procedure provides in pertinent part:

"Application for a stay of the judgment or order of a district court pending appeal. . . ., or for an order suspending . . . an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court. A motion for such relief may be made to the court of appeals or to a judge thereof, but the motion shall show that application to the district court for the relief sought is not practicable, or that the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action."

Thus, the rule permits application to the Court of Appeals in the first instance *only* if application to the district court is not practicable. 16 CHARLES A. WRIGHT, *et al.*, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3954 (1977). The Board did not even suggest in *Hirschfeld I* that this condition was met. Hence, the Board's disregard of Rule 8, considered alone, permits the conclusion that the motion was objectively baseless.

The same is true of the delay in seeking a stay of Judge Knapp's injunction. The injunction was entered on September 30, 1992. The Board did not file its motion for a stay until October 28, 1992. As the Court of Appeals itself pointed out, the fact that such a delay severely undercuts a claim of irreparable injury, which is indispensable to the issuance of a stay, has been established in this Circuit since at least 1989. *Hirschfeld I,* 984 F.2d at 39.[3] The Court is mindful of the fact that the Second Circuit has not held that undue delay *requires* denial of preliminary injunctive relief or, by parity of reasoning, a stay pending appeal. *Bear U.S.A., Inc. v. A.J. Sheepskin & Leather Outerwear, Inc.,* 909 F.Supp. 896, 909–10 (S.D.N.Y.1995). Nonetheless, the state of the law in 1992 was such that a trier of fact could find that a reasonable person, in the circumstances of this case, would have known that the stay motion had no realistic prospect of success as a result of the delay.

This leaves the issue whether the filing of the doomed motion for an improper purpose violated plaintiffs' clearly established rights. This is a question more easily framed than answered.

■■■ The purpose of qualified immunity, of course, is to permit government officials to perform their duties free of the risk of litigation and liability except in circumstances where a reasonable person in the same position would know that his or her action violated federal rights. *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092,

garded as necessary to the judgment in this Circuit, the contrary view of the Restatement notwithstanding. *Gelb,* 798 F.2d at 45. So too if the judgment could have stood only if all three had been present. Here, however, it is unclear whether the Court of Appeals would have imposed sanctions if only two, but not all three, of these factors existed. Hence, since it is unclear whether all three factors were independently sufficient, it is impossible to say that any one of them was necessary to the judgment.

Finally, the imposition of sanctions on an appellate motion almost certainly does not afford the party sanctioned the sort of full and fair opportunity to litigate the underlying factual issue that is a prerequisite to issue preclusion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1196 (3d Cir.1993); *Cohen v. Lupo,* 927 F.2d 363 (8th Cir.), *cert. denied,* 502 U.S. 861, 112 S.Ct. 180, 116 L.Ed.2d 142 (1991); *Amwest Mortgage Corp. v. Grady,* 925 F.2d 1162 (9th Cir.1991).

**3.** In addition to the authority cited in *Hirschfeld I, Citibank N.A. v. Citytrust,* 756 F.2d 273, 276 (2d Cir.1985), and its progeny support the same conclusion.

1096, 89 L.Ed.2d 271 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). The test is an objective one, focusing on the relevant judicial precedents rather than on the subjective beliefs of the particular official. *E.g., Elder v. Holloway,* —— U.S. ——, ——, 114 S.Ct. 1019, 1023, 127 L.Ed.2d 344 (1994). As the Second Circuit recently put it, a right is clearly established if "(1) it is defined with reasonable clarity; or (2) the Supreme Court or this Circuit has affirmed its existence; or (3) a reasonable defendant would understand from existing law that his acts were unlawful." *Jeffries v. Harleston,* 21 F.3d 1238, 1248 (2d Cir.), *vacated on other grounds and remanded,* —— U.S. ——, 115 S.Ct. 502, 130 L.Ed.2d 411 (1994).

■ The gist of the charge against the individual defendants is abuse of process, albeit abuse of process allegedly motivated by a desire to interfere with Hirschfeld's constitutionally protected right to seek election to public office. *Hirschfeld I,* 871 F.Supp. at 194. In consequence, the threshold issue is whether Hirschfeld had a clearly established federally protected right to be free from such interference.

It long has been clear that Section 1983 does not "make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Parratt v. Taylor,* 451 U.S. 527, 544, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981) (quoting *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976)), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Hence, the fact that the defendants' actions may have constituted abuse of process under New York law did not, in and of itself, make the stay motion a violation of federally protected rights. Indeed, to the extent the Second Circuit had spoken on the subject through the date of the defendants' actions, it appeared that abuse of civil process, which is what allegedly occurred here, was not actionable under Section 1983 at all. *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.), *cert. denied,* 506 U.S. 819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992) (malicious abuse of civil process not actionable under Section 1983); *see Easton v. Sundram,* 947 F.2d 1011, 1017–18 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992) (rejecting claim of malicious civil prosecution, stating "We do not hold that civil malicious prosecution can never give rise to a cause of action under § 1983, although we suspect it normally will not."); *see also Cook v. Sheldon,* 41 F.3d 73, 79 (2d Cir.1994) (noting that Second Circuit had not specifically decided whether abuse of *criminal* process would give rise to a Section 1983 claim). Indeed, it cannot be said today that a right to be free of abuse of civil process, even where motivated by a desire to interfere with constitutionally protected activity, is clearly established by Supreme Court or Second Circuit precedent.

■ Nor are the other two branches of the *Jeffries* test helpful to the plaintiffs. If the right contended for exists at all, it cannot be said that is has been defined with reasonable clarity. And while a reasonable defendant would have understood from existing law that the alleged acts were tortious under State law, the right that must be clearly established to defeat qualified immunity in a Section 1983 case is a right guaranteed by the United States Constitution or federal law. *See Harlow,* 457 U.S. at 817, 102 S.Ct. at 2738 (statutory or constitutional rights); *Dube v. State University of New York,* 900 F.2d 587, 596–97 (2d Cir.1990) (same), *cert. denied,* 501 U.S. 1211, 111 S.Ct. 2814, 115 L.Ed.2d 986 (1991); *cf. Anderson,* 483 U.S. at 638, 107 S.Ct. at 3038; *Procunier v. Navarette,* 434 U.S. 555, 564, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978); *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975). In consequence, the remaining individual defendants are entitled to summary judgment dismissing the Section 1983 claim against them, insofar as they are sued in their individual capacities, on the ground of qualified immunity.

### State Law Claims

Defendants seek dismissal also of the third cause of action, plaintiffs' State law claim for abuse of process, to the extent it has not

been dismissed previously. The motion is well founded.

First, as defendants argue, plaintiffs have failed to comply with the provisions of the New York General Municipal Law requiring the filing of a notice of claim before suing a municipality or its agents in tort. N.Y.GEN.MUN.L. § 50–h (McKinney 1986). While this State law requirement does not control the claims under Section 1983,[4] plaintiffs' failure to file a notice of claim is fatal to the third cause of action.

Second, the remaining individual defendants are immune from suit on the State law claim pursuant to the New York State law of official immunity, which affords public officials considerably greater protection from individual capacity suits than the federal doctrine of qualified immunity. Under New York law, a public official is absolutely immune from suit in his or her individual capacity based on the performance of a discretionary function irrespective of the existence of negligence or malice. *Haddock v. City of New York,* 75 N.Y.2d 478, 484, 554 N.Y.S.2d 439, 443, 553 N.E.2d 987, 991 (1990); *Tango v. Tulevech,* 61 N.Y.2d 34, 40–41, 471 N.Y.S.2d 73, 76–77, 459 N.E.2d 182, 184–87 (1983); *Rottkamp v. Young,* 21 A.D.2d 373, 375–76, 249 N.Y.S.2d 330, 334 (2d Dept.1964).

### Conclusion

The motion of the individual defendants for summary judgment dismissing the complaint insofar as it is brought against them in their individual capacities is granted. This dismissal as to defendants Meijas, Kellner (sued herein as Kellman), Casey and Sheldon is on the merits in all respects. It is on the merits as to the other individual defendants insofar as the case rests on the appeal from Judge Knapp's order and on the basis of qualified immunity in all other respects. The motion of the City of New York and the Board of Elections for summary judgment dismissing the complaint is granted to the extent that third cause of action is dismissed for failure to file a notice of claim as required by State law. In consequence, what remains of the

case is the Section 1983 claim against the City, the Board of Elections, and the individual defendants in their official capacities insofar as that claim is based on the unsuccessful stay motion in the Second Circuit. The Court will conduct a telephonic pretrial conference with counsel at 4:30 p.m. on December 18, 1995.

SO ORDERED.

---

4. *Felder v. Casey,* 487 U.S. 131, 138, 108 S.Ct. 2302, 2306, 101 L.Ed.2d 123 (1988).