555 F.2d 1181
 14 Fair Empl.Prac.Cas. 1504,
17 Fair Empl.Prac.Cas. 570,
13 Empl. Prac. Dec. P 11,607
Robert L. JOHNSON, Jr., Leroy Sloan, Willie R. Jackson,
Ernest H. McManus, and Booker T. Alexander, Jr., Appellees,
and
William G. Coffey, Jr., Intervenor,
v.
RYDER TRUCK LINES, INC., a corporation, Appellant,
and
International Brotherhood of Teamsters, Chauffeurs,
Warehousemen, and Helpers of America, an unincorporated
labor organization, and Local 71, International Brotherhood
of Teamsters, Chauffeurs, Warehousemen and Helpers of
America, an unincorporated labor organization, Defendants.
 No. 76-1293.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1976
Decided April 1, 1977.
 
 Peter Reed Corbin, Jacksonville, Fla. (J. P. Jones, Coffman & Jones, Jacksonville, Fla., E. Osborne Ayscue, Jr., Helms, Mulliss & Johnston, Charlotte, N. C., on brief), for appellant.
 Roland P. Wilder, Jr., Washington, D. C. (Robert M. Baptiste and Francis E. Fletcher, Jr., Washington, D. C., on brief), J. LeVonne Chambers, Charlotte, N. C. (Jonathan Wallas, Louis L. Lesesne, Jr., Chambers, Stein, Ferguson & Becton, Charlotte, N. C., Jack Greenberg and Barry L. Goldstein, New York City, on brief), for appellees.
 Before WINTER, BUTZNER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, black employees, former employees and applicants for employment at Ryder Truck Lines, Inc., brought a class action, under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq., against Ryder and the International Brotherhood of Teamsters and its affiliated local, union representatives of Ryder employees. Plaintiffs alleged that blacks were systematically denied employment at Ryder and, if employed, were relegated to menial jobs with no opportunity for transfer. The district court found that defendants had violated the Act, granted broad injunctive relief, and awarded certain class members equitable reinstatement with back pay. The district court further ruled that, while both defendants were guilty of unlawful discrimination, the defendant unions had made good faith efforts to correct past practices prior to trial; but, by contrast, Ryder was found to have made none. Accordingly, back pay awards were assessed against Ryder alone.
 
 
 2
 Ryder has appealed. It contests only the back pay award to some of the plaintiffs and to some members of the plaintiff class, and the exoneration of the defendant unions from any back pay liability.
 
 
 3
 Substantial evidence supports the findings of fact made by the district court. As such, the judgment cannot be overturned as "clearly erroneous." F.R.Civ.P. 52(a). The record indicates that Ryder's hiring standards, allegedly neutral, were applied inconsistently if applied at all. The record also suggests that Ryder's transfer policy (which prohibited transfers outright or conditioned them upon the loss of seniority rights) had the effect of relegating blacks to less attractive tasks. Our analysis of the record discloses a firm evidentiary base for each of the back pay awards that was made, including that to employee Winslow. Finally, the evidence indicates that defendant unions, who previously acquiesced in the unlawful conduct, initiated the only efforts directed at compliance with the 1964 Act.
 
 
 4
 AFFIRMED.