**COQUINA OIL CORPORATION, Flag-Redfern Oil Company and Yates Petroleum Corporation, Plaintiffs-Appellees,**

v.

**TRANSWESTERN PIPELINE COMPANY, Defendant-Appellant.**

No. 86–2483.

United States Court of Appeals, Tenth Circuit.

Aug. 12, 1987.

James W. McCartney of Vinson & Elkins, Houston, Tex. (Harrell Feldt and Travis C. Broesche of Vinson & Elkins, Houston Tex., Harold L. Hensley, Jr., of Hinkle,

Cox, Eaton, Coffield & Hensley, Roswell, N.M., and Cheryl M. Foley and Sherrie N. Rutherford of Transwestern Pipeline Co., Houston, Tex., with him on the briefs), for defendant-appellant.

A.J. Losee of Losee & Carson, P.A., Artesia, N.M. (James E. Haas and Ernest L. Carroll of Losee & Carson, P.A., Artesia, N.M., and Stanley L. Cunningham and C. David Stinson of McAfee & Taft, Oklahoma City, Okl., with him on the briefs), for plaintiffs-appellees.

Before McKAY, LOGAN and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This interlocutory appeal challenges a preliminary injunction issued in favor of Coquina Oil Corporation, Flag-Redfern Oil Company, and Yates Petroleum Corporation mandatorily enjoining Transwestern Pipeline Company's purchase of certain gas. At oral argument, counsel for the parties agreed that the trial court has yet to set bond to secure the injunctive order pursuant to Fed.R.Civ.P. 65(c), or to otherwise rule despite the appellant's motion to set bond. As we are given to understand, that motion is pending the outcome of this appeal. We conclude that the consequence of this hiatus is an unenforceable injunction and an absence of an appealable interlocutory order, depriving us of jurisdiction. We dismiss for that reason.

■ Rule 65(c) quite clearly states: "No ... preliminary injunction shall issue except upon the giving of security by the applicant." As we analyze the significance of the rule in light of what has transpired thus far in this case, the trial judge's consideration of the imposition of bond is a necessary ingredient of an enforceable order for injunctive relief. The plain language of the rule permits no other analysis.

■ Nonetheless, at this point we do not decide, nor do we even suggest, whether a bond is mandatory to validate the preliminary injunction in this case. Indeed, we

have held that a trial court may, in the exercise of discretion, determine a bond is unnecessary to secure a preliminary injunction "if there is an absence of proof showing a likelihood of harm." *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 782 (10th Cir.1964). Nevertheless, the *Continental* holding implies the trial court will comply with Rule 65(c) by at least giving consideration to whether the circumstances of a particular case justify the unusual practice of leaving the enjoined party bereft of security. Moreover, until such consideration is given, the trial court has not completed the task mandated by Rule 65.

■ In this case, the trial court has effectively violated this aspect of Rule 65(c) by refusing to act upon Transwestern's motion to set a preliminary injunction bond. *Reinders Bros. v. Rain Bird E. Sales Corp.*, 627 F.2d 44 (7th Cir.1980); *Roth v. Bank of the Commonwealth*, 583 F.2d 527 (6th Cir.1978); *see also, Monroe Division, Litton Business Systems, Inc. v. De Bari*, 562 F.2d 30 (10th Cir.1977).[1] Thus, unlike the case in which a bond is denied as unnecessary after full consideration, when a trial court fails to contemplate the imposition of the bond, its order granting a preliminary injunction is unsupportable. *See System Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1145–46 (3d Cir.1977).

■ Appellees would have us avoid dismissal by presuming the district court decided a bond was unnecessary. We cannot accept this invitation. A trial court decision to waive a Rule 65(c) bond is subject to an abuse of discretion test on appeal. That test cannot be employed in the absence of specific findings.

We therefore find ourselves given nothing to review; hence, we must dismiss this case for want of jurisdiction. *See McKinney v. Gannett Co.*, 694 F.2d 1240 (10th Cir.1982). We arrive at this conclusion even though we recognize other courts have apparently presumed the existence of jurisdiction and approved the issuance of the injunction on the merits but then re-

---

1. We do not suggest a motion to set bond is required because a literal reading of Rule 65(c) places the burden on the trial court to consider the issue of setting bond without the necessity of a motion.

manded for consideration of the bond issue under Rule 65(c). *See, e.g., Reinders Bros. v. Rain Bird E. Sales Corp.*, 627 F.2d at 54 (affirming preliminary injunction but remanding because Rule 65(c) requires district court to expressly rule on bond and trial court did not); *Roth v. Bank of the Commonwealth*, 583 F.2d at 538–39 (approving injunction restraining parallel litigation in other federal district courts but remanding because "it was error for the judge ... to have failed to exercise the discretion required of him by Rule 65(c) by expressly considering the question of requiring a bond"); *System Operations*, 555 F.2d at 1145–46 (reversing the order granting a preliminary injunction for failure to require the posting of a security bond as well as on principles of New Jersey common law).

DISMISSED.