**FRANKLIN SAVINGS ASSOCIATION and Franklin Savings Corporation, Plaintiffs,**

v.

**OFFICE OF THRIFT SUPERVISION and Kansas Savings and Loan Department, Defendants.**

**No. 90–4054–S.**

United States District Court, D. Kansas.

March 12, 1990.

Charles W. German, David E. Everson, Jr., Brant M. Laue and Richard F. Hunter, Stinson, Mag & Fizzell, Kansas City, Mo., and Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., for plaintiffs.

P. John Owen, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., Marc E. Elkins, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., and Jordan Like, Chief Counsel, Thomas J. Segal, Assoc. Chief Counsel, Elizabeth R. Moore, Sr. Trial Atty., and James Hendrickson, Trial Atty., Office of Thrift Supervision, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for a temporary restraining order. The court heard oral arguments

concerning this matter earlier today. On February 16, 1990, defendant Office of Thrift Supervision (OTS), with the consent of defendant Kansas Savings and Loan Department (KSLD), appointed OTS as conservator for plaintiff Franklin Savings Association (Franklin). Franklin Savings Corporation is the majority shareholder of Franklin. Plaintiffs instituted this lawsuit to seek equitable relief in the nature of having the OTS removed as conservator for plaintiff. Plaintiffs seek a temporary restraining order and a preliminary injunction to prevent defendants from converting the present conservatorship into a receivership until the court can address the issues of whether the conservator was legally and constitutionally appointed.

Under the same statutory power that allowed defendants to establish the conservatorship, defendant OTS also has the power to place plaintiff Franklin into receivership. *See* 12 U.S.C. § 1464(d)(6)(A). If placed into receivership, plaintiffs' receiver would have the power to liquidate Franklin's assets. Also, once a receiver is appointed, this court can take no action to restrain or affect the exercise of the powers or functions of the receiver. *See* 12 U.S.C. § 1464(d)(6)(C).

## JURISDICTION

■ At the hearing this morning, defendant OTS argued that this court lacks the power to preemptively enjoin the appointment of a receiver, and that such a restraining order is beyond the jurisdiction of this court. In support of this argument, defendant relies heavily on the August 18, 1988, order entered by Judge Rogers in *Valley Federal Savings and Loan v. Federal Home Loan Bank Board,* 88–4194–R, unpublished, 1989 WL 103752 (D.Kan., Aug. 18, 1988). Judge Rogers' order, however, does not address the issue of jurisdiction. That order simply stated that the temporary restraining order was denied because plaintiffs had not met their burden required under Rule 65(b) of the Federal Rules of Civil Procedure. We have also reviewed the November 1, 1988, unpublished order in the *Valley Federal* case. That order also did not address the issue of

this court's jurisdiction to preemptively enjoin the appointment of a receivership under the statutory provisions of 12 U.S.C. § 1464.

The only statutory limit on this court's power to issue restraining orders cited by counsel in this matter is the statutory restriction found at 12 U.S.C. § 1464(d)(6)(C). That statute only limits this court's power to restrain or affect the exercise of the powers or the functions of a receiver after the receiver has been appointed. The present case seeks to preemptively enjoin the appointment of such receiver. The court finds that this statutory provision does not otherwise limit this court's inherent power to issue restraining orders. At this time, therefore, the court finds that it has jurisdiction to hear the present motion for temporary restraining order. The court would welcome further briefing on this matter in the form of a motion to dismiss if the parties feel that this matter has not been adequately briefed at today's hearing. Nevertheless, at this time, the court feels it has jurisdiction and the power to issue a temporary restraining order in this matter.

## MOTION FOR TEMPORARY RESTRAINING ORDER

■ To prevail on its motion for temporary restraining order, plaintiff must show (1) a substantial likelihood that it will eventually prevail on the merits; (2) that it will suffer irreparable harm unless the injunction is issued; (3) that the threatened injury to plaintiff outweighs any harm to the opposing parties if the injunction is issued; and (4) the relief requested would not be adverse the public interest. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980).

■ The first requirement for temporary restraining order is viewed liberally in cases where the danger of irreparable harm is significant. *Lundgrin,* 619 F.2d at 63. (" 'it will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberative

investigation'") (quoting *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780, 781–782 (10th Cir.1964)). Based on the arguments and submissions of counsel, the court finds that plaintiff has made a sufficient showing to raise questions about the appointment of the conservator in this case. The court finds that plaintiff has raised a substantial question which warrants further deliberation and investigation into the issue of whether defendant OTS's appointment of conservator was arbitrary and capricious and pursuant to statutory and regulatory provisions. Also, there is a substantial question about whether the director of defendant OTS had the power, at the time the appointment was made, to appoint a conservator for plaintiff Franklin.

Next the court finds that plaintiff has made a sufficient showing that an appointment of receiver for plaintiff Franklin could cause plaintiffs irreparable harm. If defendant OTS placed plaintiff Franklin into receivership and proceeded to liquidate the assets of the savings association, plaintiff would be irreparably harmed. Furthermore, the court finds that the issuance of a temporary restraining order at this time would not harm defendants. Defendant OTS would still be in control of plaintiff Franklin, acting as conservator, and thus, protector of its assets. Finally, the court believes that the public interest would best be served by maintaining the status quo at this time and allowing greater investigation and deliberation on the issues raised in the underlying lawsuit. *See Lundgrin,* 619 F.2d at 63.

The court finds that plaintiff has shown, that at this time, defendants should be enjoined from placing plaintiff Franklin into receivership until the court has addressed the issue of whether the defendant OTS's appointment of itself as conservator of plaintiff Franklin was proper. For the foregoing reasons, the court finds that plaintiff has met its burden, and thus, will issue a temporary restraining order at maintaining the status quo until further resolution of this suit can be made.

IT IS THEREFORE BY THE COURT ORDERED that plaintiffs' motion for temporary restraining order is granted. Defendants shall not appoint a receiver for Franklin Savings Association or in any way convert the existing conservatorship to a receivership, until the court can address and rule on the plaintiffs' motion for preliminary injunction.

IT IS FURTHER ORDERED that plaintiffs' motion for preliminary injunction is set for a hearing at 1 p.m. on March 23, 1990, at Topeka, Kansas.