**POPULAR BANK OF FLORIDA,**
Plaintiff,

v.

**BANCO POPULAR DE PUERTO RICO, a Puerto Rico corporation, and Banco Popular N.A., a national banking association, Defendants.**

No. 97–2751–CIV–GOLD.

United States District Court,
S.D. Florida.

July 8, 1998.

Leslie Jean Lott, Lott & Friedland, Coral Gables, FL, Mitchell Howard Stabbe, Dowe Lohnes & Albertson, Washington, DC, for plaintiffs.

Joseph Wayne Beasley, Kelly Black, Black Byrne & Beasley, Miami, FL, Alan S. Cooper, Shaw Pittman Potts & Trowbridge, Washington, DC, for defendants.

## ORDER FOLLOWING HEARING ON PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT

GOLD, District Judge.

This case came before the Court for a hearing on July 2, 1998, concerning Plaintiff's Emergency Motion for Order to Show Cause Why the Defendants Should Not be Held in Contempt. The Court has reviewed the parties' memoranda, the pertinent portions of the record, and heard argument of counsel. The first issue before the Court is whether the defendants were entitled to disregard the express terms of a preliminary injunction issued by the Court on June 5, 1998, on the grounds that the Court had not yet set an amount of bond to be posted pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, where there was no request for bond, and neither party had presented any evidence concerning an appropriate amount of bond. The second issue is whether the defendants should be held in contempt for their violation of the express terms of the preliminary injunction.

### I. PROCEDURAL HISTORY

On June 5, 1998, this Court entered an Order Granting Plaintiff's Motion for Preliminary Injunction. The order was entered after the parties had participated in several months of vigorous discovery, volumes of documentary evidence had been filed with the Court, and the Court had conducted a full-day hearing, which included the presentation and cross-examination of fact witnesses and experts. Based on the extensive evidence presented by both parties, the Court issued the preliminary injunction. The Order Granting Preliminary Injunction enjoined the defendants from using the name Banco Popular in South Florida. Furthermore, it prohibited the defendants from broadcasting Banco Popular television commercials in South Florida. The order unam-

biguously provided that Defendants have ten days from the receipt of this order to cease and desist broadcasting Banco Popular commercials on the television show "Sabado Gigante." The preliminary injunction order did not address the posting of security pursuant to Rule 65(c) because, with the exception of a footnote in one of the plaintiff's motions, neither party had raised the issue of security, no motion to set bond had yet been filed, and neither party presented any evidence concerning an appropriate amount of bond.[1]

It is undisputed that the defendants received the Court's preliminary injunction order on the day it was issued, June 5, 1998. It is also undisputed that on June 20, 1998, and on June 27, 1998, contrary to the express terms of the preliminary injunction order, the defendants broadcasted Banco Popular commercials on the television show "Sabado Gigante" in South Florida.[2] The defendants concede that they have not complied with the terms of the preliminary injunction. They argue, however, that they are not bound by the terms of the preliminary injunction because a preliminary injunction is not effective until the Court has ruled on the posting of security pursuant to Federal Rule of Civil Procedure 65(c). According to the defendants, because this Court has not set yet determined an appropriate amount of bond, they are not bound by the terms of the preliminary injunction. The defendants further contend that they should not be held in contempt because they have violated no enforceable order.

## II. RULE 65(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

██ The portion of Rule 65(c) requiring security provides that "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as

may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Although the language of Rule 65(c) appears to be mandatory, over the past twenty years, federal courts have come to recognize that the district court possesses discretion over whether to require the posting of security. See 42 Am.Jur.2d *Injunctions* section 310. The circuits, however, vary in their interpretation of Rule 65(c); some holding that the district court has unfettered discretion to waive the bond while others have limited bond waivers to requests from certain categories of plaintiffs such as indigent persons or groups challenging a federal statute. Compare *Continental Oil Co. v. Frontier Refining Co.*, 338 F.2d 780 (10th Cir.1964) (rule 65(c) gives trial judge wide discretion in matter of requiring security and in absence of proof showing likelihood of harm, certainly no bond is necessary) with *Frank's GMC Truck Ctr., Inc. v. General Motors Corp.*, 847 F.2d 100 (3d Cir. 1988) (reversing district court's waiver of bond noting that without bond, court would be foreclosed from later awarding a remedy if defendant was wrongfully enjoined). The Eleventh Circuit has not squarely addressed the issue. See Erin Connors Morton, Note, *Security for Interlocutory Injunctions Under Rule 65(c)* 46 Hastings L.J. 1863, 1877 (Aug.1995). In this case, however, the defendants conceded at oral argument that this Court has the discretion to waive bond. Defendants argue, however, that before the injunction may take effect, and therefore be enforceable, the Court must at least consider the propriety of security.

In support of their position, the defendants rely principally on two cases: *United States v. Associated Air Transport, Inc.*, 256 F.2d 857 (5th Cir.1958), and *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461 (10th Cir.1987). A close review of these cases, however, shows that neither answers the question presented in this case, that is,

---

1. In the footnote, the plaintiff stated its position that under the circumstances of this case, no bond is required.

2. The plaintiff contends that the defendants also continued to mail Banco Popular advertisements to members of the general public in South Flori-

da after the preliminary injunction order had been entered. Banco Popular disputes this contention. The Court need not decide the matter at this time because the defendants concede that they have broadcasted commercials in violation of the preliminary injunction.

whether the defendants are entitled to disregard the unambiguous terms of a preliminary injunction because the Court has not yet ruled on the matter of bond where no request for bond has been made and no evidence has been presented as to the appropriate amount. In *United States v. Associated Air Transport, Inc.*, the Fifth Circuit was presented with a motion to dismiss an appeal ·from an injunction order. The order appealed from expressly stated that before the injunction "may be considered effective ... (the carriers) [were] required to post, pursuant to Rule 65(c) Federal Rules of Civil Procedure (28 U.S.C.), surety bonds...." The Associated Air carriers did not post bond. Consequently, the appellate court concluded that "until the bonds were filed, the order *by its own terms* was conditional and without operative effect, that there was, in short, no order to appeal from." *Associated Air*, 256 F.2d at 861. Thus it is clear that the court in *Associated Air* based its decision on the express terms of the district court's order, not on the requirements of Rule 65(c).

*Coquina Oil Corp. v. Transwestern Pipeline Co.*, is more on point but nonetheless the issue to be decided was not whether a defendant may ignore the mandates of a preliminary injunction where the trial court has not yet set bond because the issue was not addressed by the parties prior to issuance of the preliminary injunction. In *Coquina*, a trial judge issued a preliminary injunction but refused to act upon Transwestern's motion to set a preliminary injunction bond. Consequently, the appellate court held that it lacked jurisdiction to decide the appeal of the preliminary injunction order because the trial judge had not yet considered the issue of bond. For purposes of determining its jurisdiction, the court wrote that the imposition of bond was a necessary ingredient of an enforceable order for injunction relief. It acknowledged that under similar circumstances, other circuit courts had determined the merits of a preliminary injunction and had merely remanded for a ruling on bond. *Coquina*, 825 F.2d at 1462–63 (citing to *Reinders Bros. v. Rain Bird E. Sales Corp.*, 627 F.2d 44, 54 (7th Cir.1980) and *Roth v. Bank of the Commonwealth*, 583 F.2d at 538–39). The Court finds that *Coquina* is distinguish-

able on its facts because in this case the Court has not refused to act on the matter of security, it has simply not yet reached the issue due to the parties' failure to move for bond or present evidence concerning the bond requirement.

Not cited by the defendants, however, are other cases in which federal courts have decided the precise issue before the Court. The First Circuit has specifically decided that the posting of bond is not a jurisdictional prerequisite to the validity of a preliminary injunction. In *Aoude v. Mobil Oil Corp.*, 862 F.2d 890 (1st Cir.1988), the appellant argued that the district court had erred by issuing a preliminary injunction without requiring the moving party to post bond. Affirming the preliminary injunction, the court declined to find error, reasoning that "the district court was not earlier requested to set a bond, so we turn a deaf ear to this plaint ... Because posting of a bond is not a jurisdictional prerequisite to the validity of a preliminary injunction, and because appellant did not raise the matter below, we reject the assignment of error." *Aoude*, 862 F.2d at 896. Similarly, the Seventh Circuit in *Cagan v. Mutual Benefit Life Ins. Co.*, 28 F.3d 654 (7th Cir. 1994), addressed the merits of the trial court's injunction ruling and declined to find error in the trial court's failure to require the posting of an injunction bond where the insurer did not remind the district court of the need for a bond pursuant to Rule 65(c). *Cagan*, 28 F.3d at 656.

The Second Circuit has also held that where no request for bond is made, "the court may dispense with the filing of a bond." *Clarkson Co. v. Shaheen*, 544 F.2d 624, 632 (2d Cir.1976). Citing to *Bethlehem Mines Corp. v. United Mine Workers*, 476 F.2d 860, 862 (3d Cir.1973), the *Clarkson* court wrote that "failure to comply with the formal requisites of a preliminary injunction does not deprive the court of jurisdiction or power to hold violators in contempt." *Id.* at 633.

██ Based on the above-cited authority, the Court finds that the posting of a bond is not a jurisdictional prerequisite to the validity of a preliminary injunction. Although there is no Eleventh Circuit case addressing

the bond-posting issue raised in this case, it is not unusual in the Southern District for the bond determination to be made after the issuance of a preliminary injunction. *See e.g., Carillon Importers, Ltd. v. Frank Pesce Intern'l Group Ltd.*, 112 F.3d 1125 (11th Cir.1997). This Court's failure to include the bond requirement within its preliminary injunction order does not render the preliminary injunction order invalid or without effect.

▇ The Court is not unmindful of the problems that may be caused by a failure to follow Rule 65(c) literally. Where there is a time-gap between the issuance of the injunction and the posting of bond, if the preliminary injunction is later found to have been wrongly-entered, the damages suffered by defendant may not be recoverable due to the absence of security. But that concern is not paramount in cases such as this one, which involves a very small time gap. Defendants concerned about the bond issue have the right to request, during the preliminary injunction hearing or by motion prior to the ruling on preliminary injunction, that the preliminary injunction not become effective until a bond is posted. In this case, before the preliminary injunction was issued, the plaintiff raised the issue of bond, asserting the position that no security was necessary in this case. The defendants never responded to that contention, even though they filed dozens of motions and memoranda in this case and were well aware of the urgent nature of plaintiff's motion for preliminary injunction. In light of these facts, the Court finds that it would be unfair to allow the defendants to escape the mandates of the preliminary injunction by silently disobeying it, knowing that if the plaintiff complains, they could raise the defense that no bond had yet been posted.

### III. CONTEMPT

The second issue before the Court is whether the defendants should be held in contempt for disobeying the preliminary injunction. Specifically, was Banco Popular's noncompliance justified because it was based on a good-faith belief that the preliminary injunction was without effect and therefore unenforceable until bond had been posted.

▇ Contempt of court is the disregard of judicial authority. *See generally* Charles A. Wright, Arthur R. Miller, Mary K. Kane, 11A *Federal Practice and Procedure* section 2960 (1995). The court's power to enforce compliance with its lawful orders is inherent. *United States v. Barnette*, 129 F.3d 1179 (11th Cir.1997); *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297 (11th Cir.1991). Generally, the refusal to do an act commanded is civil contempt, while doing a forbidden act is criminal contempt. *See U.S. v. Cable News Network, Inc.*, 865 F.Supp. 1549 (S.D.Fla.1994). Civil contempt proceedings may be employed to coerce a contemnor into compliance with the court's order and to compensate a complainant for losses sustained. *Martin v. Guillot*, 875 F.2d 839 (11th Cir.1989). Frequently used in injunction actions, civil contempt proceedings are useful methods for enforcing judicial orders. 11A *Federal Practice and Procedure*, supra, at 374.

▇ The party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order. *Commodity Futures Trading Com'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525 (11th Cir.1992). To find contempt, the court must find that the order violated was clear and unambiguous and that the party to be charged had notice of the order but did not diligently attempt to comply. *See In re E.I. DuPont De Nemours*, 99 F.3d 363, 372 (11th Cir.1996). In this case the Court issued its preliminary injunction on June 5, 1998. The order clearly and unambiguously prohibited the defendants from broadcasting Banco Popular commercials on the "Sabado Gigante" television show after the 19th of June.[3] The defendants received a copy of the order on June 5, 1998. Defendants did not appeal the order granting preliminary in-

---

**3.** We accept, for purposes of the contempt motion, Banco Popular's argument that the ten-day period set forth in the June 5, 1998, order, should be calculated by excluding weekends and holidays.

junction, but on Friday, June 19, 1998, the defendants filed a Motion to Amend or Alter Order Granting Preliminary Injunction. Instead of waiting for the Court's ruling on the motion to amend, the next day, Saturday, June 20, 1998, the defendants aired the Banco Popular commercial on "Sabado Gigante." On these facts, the Court finds that a prima facie case showing of violation was established. Once a prima facie case is established, the burden shifts to the defendant to produce detailed evidence to explain its noncompliance. *Citronelle–Mobile Gathering, Inc.,* 943 F.2d at 1301; *United States · v. Roberts,* 858 F.2d 698 (11th Cir.1988). To satisfy this burden, Banco Popular offers legal argument in support of its contention that the preliminary injunction order is not enforceable until bond has been posted. The Court finds that Banco Popular's defense that the order was not effective is insufficient to satisfy its burden.

 Civil contempt may be imposed where there has been a violation of a clear and unambiguous order of which the party to be charged had notice. *United States v. Roberts,* 858 F.2d 698 (11th Cir.1988). But a violation of the order need not be wilful for a party to be found in civil contempt. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949). In civil contempt proceedings, a finding of contempt is supported where the enjoined party violates a clear order based on the belief that the order was invalid. *Levine v. Comcoa Ltd.,* 70 F.3d 1191 (11th Cir.1995); *see also Walker v. City of Birmingham,* 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967) (party is not free to defy a preliminary injunction based on its belief, no matter how sincere, that the order is invalid). The proper method to challenge the validity of a preliminary injunction is to file an appeal or seek other means of review. *Walker v. City of Birmingham,* 388 U.S. at 318, 87 S.Ct. at 1831. In this case the defendants did not file an appeal. One day before the deadline for ending the commercials, they filed a belated motion to amend or alter order. Without waiting for the Court's ruling on that motion, the defendants disobeyed the express terms of the injunction by airing their commercials. In so doing, the defendants violated well-established law that an order duly issued by the court having subject matter over the controversy, and personal jurisdiction over the parties, must be obeyed, regardless of the ultimate validity of the order. *In re Novak,* 932 F.2d 1397, 1399–1400 (11th Cir.1991)("people simply cannot have the luxury of knowing that they have a right to contest the correctness of the judge's order in deciding whether to willfully disobey it … Court orders have to be obeyed until they are reversed or set aside in an orderly fashion"). Defendants' argument that the general rule does not apply because they were challenging the "effectiveness" of the order rather than its validity is unpersuasive. Defendants cite no legal authority for this position or rationale for the distinction. If the defendants believed that the preliminary injunction was procedurally defective for failure to post bond, before violating the preliminary injunction, the defendants should have filed a timely motion to require the plaintiff to post bond. Instead, defendants chose to violate the order before allowing the Court to remedy any alleged defect. Such conduct is sanctionable. *Walker v. City of Birmingham; Levine v. Comcoa Ltd.*

## IV. CONCLUSION

The Court hereby finds the defendants in contempt. Based on the defendants' violations, the Court orders the defendants to compensate the plaintiff for its losses caused by the defendants' violation of the preliminary injunction. On or before July 20, the plaintiff shall submit an affidavit and supporting documents showing losses incurred as a result of defendants' failure to comply with the Court's June 5 order. Defendant has five days from the receipt of plaintiff's affidavit to file objections to the plaintiff's damage calculations. The Court will not impose coercive sanctions at this time based on the defendants' representation that they are not longer acting in violation of the preliminary injunction. It will reconsider coercive sanctions if evidence of a continuing violation is shown.