PRAIRIE BAND OF POTAWATOMI INDIANS, Plaintiff,

v.

Karla PIERCE, Secretary of Revenue, State of Kansas, Sheila Walker, Director of Vehicles, State of Kansas, Don Brownlee, Superintendent, Kansas Highway Patrol, Defendants.

No. 99–4136–DES.

United States District Court, D. Kansas.

Sept. 23, 1999.

David Prager, III, Mayetta, KS, for Prairie Band of Potawatomi Indians, plaintiff.

Richard L. Cram, John Michael Hale, Kansas Department of Revenue, Bureau of Legal Services, Topeka, KS, David C. Clauser, Kansas Department of Revenue, Topeka, KS, M.J. Willoughby, Office of Attorney General, Kansas Judicial Center, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the plaintiff's Motion for a Temporary Restraining Order (Doc. 2). All parties have submitted briefs on this matter. In addition, the court has heard oral arguments from counsel for all parties concerning the issuance of this temporary restraining order. The court has carefully reviewed this case and is prepared to rule.

### I. TEMPORARY RESTRAINING ORDER

The plaintiff filed this request seeking a court order restraining the defendants from enforcing or applying the Kansas motor vehicle registration and titling laws against the plaintiff and any person who owns or operates a vehicle that is registered and licensed under the tribal laws of the plaintiff.

The issuance of a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court. *Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 354 (10th Cir.1986). To obtain a temporary restraining order, the plaintiff has the burden of establishing that:

1. The party will suffer irreparable injury unless the injunction issues;

2. The threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party;

3. The injunction, if issued, would not be adverse to the public interest; and

4. There is a substantial likelihood that the plaintiff will eventually prevail on the merits.

*Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir.1992).

The court finds that the temporary restraining order requested by the plaintiff should be issued. The court finds that if the defendants are not enjoined from enforcing the Kansas motor vehicle registration and titling laws pending the outcome of this case, the plaintiff would suffer irreparable injury. The court has considered the parties' arguments concerning the balancing of potential injury to the parties

and finds that the potential harm to the plaintiff if the temporary restraining order is not issued outweighs any potential harm to the defendants which would be caused by the issuance of the order. The court further finds that the issuance of this temporary restraining order would not be contrary to the public interest.

■ If the plaintiff satisfies the first three elements, the standard for meeting the fourth requirement, likelihood of prevailing on the merits, becomes more lenient. *Franklin Savings Ass'n v. Office of Thrift Supervision,* 732 F.Supp. 1123, 1124–25 (D.Kan.1990). In such a case, the plaintiff need only show that the issues are so serious, substantial, difficult, and doubtful as to make them fair ground for litigation. *Id.* Given this standard, the court finds that the plaintiff has met its burden of showing a likelihood of prevailing on the merits.

The plaintiff has met all of the requirements for the issuance of a temporary restraining order. Therefore, the court will grant the motion for a temporary restraining order.

## II. INJUNCTION BOND

■ The plaintiff has asked the court to exercise its discretion and not order an injunction bond in this case. Fed.R.Civ.P. 65(c) states that the court must order the plaintiff to give security, in such sum as the court deems proper, for the payment of costs and damages which are incurred or suffered by any party who is found to have been wrongfully enjoined. However, the Tenth Circuit has held that the court has the discretion not to order an injunction bond if "there is an absence of proof showing a likelihood of harm." *Coquina Oil Corp. v. Transwestern Pipeline Co.,* 825 F.2d 1461 (10th Cir.1987).

There has been no showing of a likelihood of monetary damages to the defendants in this case if the court issues this restraining order. Therefore, the court finds that an injunction bond will not be necessary in this case.

## III. APPLICABILITY OF *YOUNGER* ABSTENTION DOCTRINE

In their responses to the motion for temporary restraining order and at oral arguments in this matter, the defendants have addressed the issue of whether the *Younger* abstention doctrine should apply to this case. Given the short amount of notice concerning this issue, plaintiff's counsel requested the court grant him leave to file a written response to the defendants' claims concerning the *Younger* abstention doctrine. The court will grant this request and allow the plaintiff fifteen days to file a written response to this issue.

## IV. MEDIATION

The court finds that it may hasten the resolution of this case if the parties participate in mediation. Therefore, in accordance with D.Kan.Rule 16.3 and the Alternative Dispute Resolution Act of 1998, 112 Stat. 2993 (1998), the court orders the parties to participate in a settlement conference. This matter will be referred to the Honorable Karen M. Humphreys, United States Magistrate Judge, for settlement conference proceedings. Plaintiff's counsel shall contact Magistrate Judge Humphrey's office within ten days to schedule the conference, at a time mutually convenient for the parties, attorneys, and Magistrate Judge Humphreys. Such conference shall be held within forty-five days from the entry of this order, unless that time is extended by the court. The parties are directed to file a report with this court within ten days of the conclusion of the settlement conference informing the court of the status of the case.

**IT IS THEREFORE BY THIS COURT ORDERED** that the plaintiff's Motion for Temporary Restraining Order (Doc. 2) is granted. The defendants are enjoined and restrained from any further application and enforcement of the Kansas motor vehicle registration or titling laws against the plaintiff and any persons who operate or own a vehicle registered and

titled under PBP Tribal Code § 17–10–1 *et seq.* This order applies to vehicles driven both on and off of the plaintiff's reservation. This order prevents the defendants from applying and enforcing the Kansas motor vehicle and registration laws from this date until the court has had an opportunity to rule on the plaintiff's request for a preliminary injunction. This injunction is not meant to have any effect on cases which are currently pending before any Kansas state court.

**IT IS FURTHER ORDERED** the court will exercise its discretion and order that an injunction bond, as provided for in Rule 65(c) of the Federal Rules of Civil Procedure, will not be required for the issuance of this temporary restraining order.

**IT IS FURTHER ORDERED** that the plaintiff will have fifteen days from the date of this order to file a written response to defendants' claims that the *Younger* abstention doctrine should bar this case.

**IT IS FURTHER ORDERED** that the parties are to engage in a settlement conference with the Honorable Karen M. Humphreys, United States Magistrate Judge, consistent with the time frame outlined in this order.