**RINTIN CORP., S.A., a Panamanian corporation, Plaintiff,**

v.

**DOMAR, LTD., a Bermuda corporation, Defendants.**

No. 04–22661–CIV.

United States District Court, S.D. Florida.

Dec. 1, 2005.

Michael D. Ehrenstein, Esq., Kluger, Peretz, Kaplan & Berlin, P.A., Miami, FL, for Plaintiff.

Jose I. Astigarraga, Edward M. Mullins, Annette C. Escobar, Astigarraga, Davis, Mullins & Grossman, P.A., Miami, FL, Alberto J. Ordonez, Alberto J. Ordonez, PA, Miami, FL, for Defendants.

*ORDER GRANTING DOMAR LTD'S MOTION TO HOLD PLAINTIFF RINTIN CORP., S.A. IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH FINAL JUDG-MENT CONFIRMING ARBITRAL AWARD AND ISSUING ARREST WARRANT*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Hold Plaintiff in Civil Contempt for Failure to Comply With Final Judgment (DE 53) ("Motion for Contempt"), filed September 27, 2005, and this Court's Rule to Show Cause (DE 57), dated November 10, 2005, requiring Plaintiff's counsel and Plaintiff's president or other corporate officer responsible for Plaintiff to appear before the Court for a contempt hearing on November 22, 2005.

## I. BACKGROUND

The above-styled action involves a dispute between two shareholders of a closely held Panamanian Corporation. Pursuant to the Shareholders' Agreement, the parties arbitrated their dispute before the American Arbitration Association. On De-cember 11, 2003, the American Arbitration Association entered its final award.

On May 27, 2004, Plaintiff, Rintin Corp., S.A. ("Rintin") filed a Complaint to Vacate Arbitral Award before the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida. On October 22, 2004, Defendant Domar, Ltd. ("Do-mar") removed the above-styled action to this Court. On December 17, 2004, Domar filed a cross-motion to confirm the arbitral award. After extensive briefings by the parties and a number of hearings, this Court entered a Final Judgment Confirming Arbitration Award on June 13, 2005. (DE 48).

In the Final Judgment, this Court ordered the following:

Plaintiff is ORDERED to submit appropriate evidence, to the reasonable satisfaction of the Defendant, not after 90 days from the date hereof, that it has terminated definitely, irrevocably, and unconditionally, in accordance with the applicable laws, each and every lawsuit, claim or demand, filed or in process, against Defendant, DCH, UMAR, Colon, Holderbank, Corde, Ackermann [sic], Villanueva, and/or any of the executives, officials, representatives, attorneys, agents, partners, shareholders, accountants, directors, or associates of these named companies and/or individuals, and/or against any other entities or individuals closely related to those companies and/or individuals, either in the Dominican Republic, Panama, the United States, Spain, Switzerland, or any other country.

Upon the acceptance by Defendant that Plaintiff has complied, in its entirety, with the Order outlined in the preceding paragraph, Defendant is ORDERED to tender to Plaintiff the amount of $5,184,000 within thirty days and both parties are ORDERED to extend and

subscribe within thirty days, the appropriate deeds or instruments for the purchase by Defendant of 13% of the equity or shareholder interest of Plaintiff in DCA at the price of $5,184,000.

Upon the payment or guarantee of payment by Defendant, or by whomever acts on its behalf, of the above price of $5,184,000 to the reasonable satisfaction of Plaintiff, any interested party may then undertake the appropriate measures or proceedings before the competent judicial, administrative, or public authorities of Panama, the Dominican Republic, or any other country, for canceling Plaintiff's shareholder interest in DCH and transferring the same interest to Defendant, in order that the corresponding registries of those countries may list the proper capital distribution of DCH.

*Rintin Corp., S.A. v. Domar, Ltd.,* 374 F.Supp.2d 1165, 1171–72 (S.D.Fla.2005).

The 90 days for Rintin to submit evidence that it had terminated the foreign lawsuits expired on September 12, 2005. On September 27, 2005, Defendant Domar filed its Motion for Contempt, alleging that Rintin had failed to comply with this Court's Final Judgment. Although Rintin has appealed the Final Judgment to the United States Court of Appeals for the Eleventh Circuit, Rintin did not supersede the Final Judgment or, until very recently, after the expiration of the 90–day period, seek a stay of the Final Judgment pending appeal.

Thus, on November 10, 2005, this Court issued a Rule to Show Cause to Plaintiff (DE 57), why Rintin should not be held in contempt for failing to comply with the above-quoted language from the Final Judgment. In the Rule to Show Cause, this Court ordered counsel for the respective parties and the President or other corporate officer responsible for Plaintiff Rintin to appear before the Court for a contempt hearing on Tuesday, November 22, 2005, at 11:00.

On November 11, 2005, Rintin filed a Motion for Continuance of the Hearing on Rule to Show Cause. (DE 56). Rintin requested that the Court continue the contempt hearing for the sole reason that it would provide the parties sufficient time to fully brief the Motion for Contempt. In its response to the Motion for Continuance, Defendant Domar represented to the Court that it intended to file its Reply Memorandum, which is optional in any event, by Friday, November 18, 2005. (DE 59). In fact, Domar did so. (DE 60).

This Court thus denied the Motion for Continuance on November 18, 2005. (DE 61). In so doing, this Court once again ordered counsel for the respective parties and the President or other corporate officer responsible for Plaintiff Rintin to appear before the Court for a contempt hearing on Tuesday, November 22, 2005, at 11:00.

On November 22, 2005, this Court held a hearing on the Motion for Contempt and the Rule to Show Cause. Despite the two-above mentioned Orders, Rintin's counsel appeared without the President of Rintin, Roberto Prats, or any other officer of Rintin. Rintin's counsel stated that he had informed Rintin's counsel in the Dominican Republic of the Court's Orders requiring the President of Rintin or any other office of Rintin to appear before the Court and that Rintin had no legal excuse for Mr. Prats' failure to appear at the hearing. Counsel for Domar noted for the record that Mr. Prats had appeared in Miami, Florida for a mediation in October 2005, and that Rintin had not claimed in its Motion for Continuance that Mr. Prats could not be present for the contempt hearing. Counsel for Domar also observed that, based upon the materials be-

fore the Court, it was undisputed that Rintin had failed to dismiss a single lawsuit identified in the Final Judgment or that Rintin even had attempt to dismiss any of these lawsuits. Counsel for Rintin did not dispute these representations.

## II. *LEGAL STANDARD*

A civil contempt proceeding is brought to force a party to act in a defined manner. *Chairs v. Burgess,* 143 F.3d 1432 (11th Cir.1998). The burden is on the party seeking contempt to show, by clear and convincing evidence, that the party allegedly in contempt violated the court's earlier order. *United States v. Roberts,* 858 F.2d 698, 700 (11th Cir.1988).

Once a petitioner makes a *prime facie* showing of violation, the burden of production shifts to the party alleged to be in contempt to produce detailed evidence specifically explaining why it cannot comply with the Court's order. *Commodity Futures Trading Comm'n v. Trinity Financial Group, Inc.,* 2003 WL 21349668, *2 (S.D.Fla.2003) (citing *Roberts,* 858 F.2d at 701); *see also Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.,* 950 F.2d 1525, 1529 (11th Cir. 1992) (same). The burden shifts back to the initiating party only upon a sufficient evidentiary showing by the party alleged to be in contempt of an inability to comply. *United States v. Hayes,* 722 F.2d 723, 725 (11th Cir.1984) (citing *United States v. Rylander,* 460 U.S. 752, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983)). If the purported contemnor satisfies its burden, the party seeking to show contempt then has the burden of proving ability to comply. *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir.1991); *see also Commodity Futures,* 2003 WL 21349668, *2 (same).

■ The focus of a court's inquiry in a civil contempt proceeding is not on the subjective beliefs or intent of the alleged party in contempt in failing to comply with the order, but rather, the court's inquiry is simply whether the party alleged to be in contempt complied with the order at issue or has provided sufficient evidence to convince the court that it cannot comply. *Howard Johnson Co. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir.1990). Thus, "[i]n a 'show cause' hearing, the party against whom the contempt is sought must show that they did not violate the order or were excused from complying." *Commodity Futures,* 2003 WL 21349668, *3 (citing *Chairs,* 143 F.3d at 1436).

## III. *DISCUSSION*

■ By issuing the Rule to Show Cause, this Court found that Defendant Domar had met its initial burden of demonstrating, by clear and convincing evidence, that Rintin was in contempt of the Final Judgment.

The burden then shifted to Rintin to provide detailed evidence showing that it did comply with the Final Judgment or that it otherwise was unable to comply. This Court finds that Rintin failed to do so. While this Court would have preferred to have Mr. Prats present at the hearing, this Court finds that his presence is not necessary to hold Rintin in contempt in light of the following undisputed facts.

It is undisputed that Rintin has failed to dismiss a single lawsuit covered by the Final Judgment and that Rintin has failed to even attempt to dismiss any of the lawsuits. Indeed, Rintin did not deny that it had failed to comply with the Court's Final Judgment either in its Response to the Motion for Contempt or at the Show cause hearing.

It also is undisputed that Rintin has not provided this Court with any evidence that would explain why it failed to comply with

the Final Judgment, which Rintin had the burden to explain at the Show Cause hearing. *See Popular Bank of Fla. v. Banco Popular de Puerto Rico,* 180 F.R.D. 461 (S.D.Fla.1998).

Instead, in Response to the Motion for Contempt, Rintin made various legal arguments, each of which the Court finds to be insufficient to excuse Rintin's failure to comply with the Final Judgment.

■ First, Rintin argued that the Final Judgment was void because this Court lacks jurisdiction over the affiliated third parties whom Rintin has sued in various foreign jurisdictions. Response to Contempt Motion at 7. The Court rejects this argument. The Court clearly has subject matter jurisdiction over this matter and personal jurisdiction over Rintin. Rintin has not argued otherwise. Furthermore, this Court has not enjoined any third party but only has ordered that Rintin dismiss the lawsuits covered by the Final Judgment.

■ Second, Rintin argued that the Final Judgment is void because the lawsuits that are required to be dismissed by the Final Judgment do not fall within the scope of the arbitration clause of the parties' Shareholder's Agreement. This Court rejects this argument. This Court already held in the Final Judgment that the Arbitral Tribunal was authorized, by the arbitral agreement at issue, to issue the injunction against Rintin. In any event, Rintin was required to comply with the Final Judgment even if it believed that the Final Judgment was invalid and even if the Final Judgment was being appealed to the Eleventh Circuit. *Popular Bank,* 180 F.R.D. at 466 (citing *Levine v. Comcoa, Ltd.,* 70 F.3d 1191 (11th Cir.1995)). Again, as noted above, the Final Judgment has not been stayed pending appeal.

■ Third, Rintin argued that the Final Judgment is void because it confirms an arbitral award allegedly entered without due process and in violation of public policy. Response to Motion for Contempt at 11. This Court rejects that argument. The Final Judgment was entered after full consideration by the Court, full litigation by the parties, and after participation by all the parties in the litigation. The Final Judgment does not violate due process. Both parties to this case have received all the due process to which they were entitled and have been represented by competent and capable counsel of their choice. Furthermore, there is nothing to indicate and this Court already has rejected the argument that the Final Judgment violates public policy. This Court is not attempting in any way to govern or control another court. The Court simply has ordered Rintin, which is properly before it and over which this Court has jurisdiction, to dismiss the cases it has filed against Defendant Domar and related entities and individuals, as set forth in the Final Judgment.

Fourth, Rintin argued that the Final Judgment is unclear. Response to Motion for Contempt at 13. This Court finds that there is nothing unclear in this Court's Final Judgment requiring Rintin to dismiss the foreign lawsuits as set forth above.

Fifth, Rintin argued that its compliance with the Final Judgment is impossible. Response to Motion for Contempt at 14. This Court rejects this argument. All that the Final Judgment requires is for counsel representing Rintin in the various lawsuits to file dismissals with the pertinent courts.

■ Sixth and finally, Rintin, months after the Final Judgment was entered and in the face of a motion to hold it in contempt, has requested that this Court stay the Final Judgment pending appeal. Response to Motion for Contempt at 15.

This Court *DENIES* the motion to stay the Final Judgment. The proper method to stay a Final Judgment is to petition the Court for a supersedeas bond, which Rintin did not do and has not done in this case. Furthermore, Rintin waited months before seeking a stay, without a bond, which mitigates against a finding of irreparable injury. *Beame v. Friends of the Earth,* 434 U.S. 1310, 1313, 98 S.Ct. 4, 54 L.Ed.2d 23 (1977) (delay in seeking stay vitiated irreparable harm argument); *Hirschfeld v. Spanakos,* 909 F.Supp. 174, 178 (S.D.N.Y.1995) (same).

Therefore, this Court rejects each one of the arguments Rintin has proffered in opposition to the Rule to Show Cause and the Motion for Contempt. This Court finds that there is no understandable reason why Rintin has not complied with the Final Judgment.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Contempt is **GRANTED.** Rintin is in contempt of Court due to its failure to comply with this Court's Final Judgment dated June 13, 2005. Rintin also is in contempt of Court for its failure to comply with this Court's Orders of November 10, 2005, and November 18, 2005, requiring its president or other officer who controls the company to appear before the Court to explain its failure to comply with the Final Judgment.

With respect to the proper coercive measure to be employed by the Court, this Court finds that Mr. Prats' failure to appear before this Court in response to two court orders directing him or a similar officer to appear equates his status with that of a fugitive. It was suggested by counsel for Rintin that Mr. Prats is the only person that fits the description of the person this Court required to appear. Thus, this Court issues a warrant for his arrest and orders forthwith his presence before this Court to explain Rintin's failure to comply with the Final Judgment and the Rule to Show Cause.

Accordingly, this Court hereby issues a warrant for the arrest of Roberto Prats. Upon notification from the U.S. Marshall's Office that Mr. Prats has been arrested, this Court will hold an immediate hearing in which Mr. Prats will explain why Rintin has failed to comply with the Final Judgment. The arrest warrant is coercive and not for punitive or punishment purposes. Upon submission of proof, satisfactory to this Court that the Plaintiff Rintin Corp., S.A. has complied with lawful orders of this Court heretofore entered of record, the Court will promptly set for hearing any motion by Plaintiff to invalidate this arrest warrant.